IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:16-CV-138-MOC-DSC

DON BRADLEY WALLACE,            )
                                )
       **Plaintiff,**         )
                                )
       v.                     )
                                )
ENHANCED RECOVERY               )
COMPANY, LLC,                   )
                                )
       **Defendant.**         )

## ORDER

**THIS MATTER** is before the Court on "Defendant's Motion to Transfer Venue" (document #4) and the parties' associated briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for consideration.

In 2013, Plaintiff filed a state court action asserting the same claims now pending here. That case was removed to the United States District Court for the Eastern District of North Carolina. The Court subsequently granted Defendant's Motion for Summary Judgment at least as to those claims. Plaintiff has appealed to the Fourth Circuit.

On February 9, 2016, Plaintiff filed this action in Mecklenburg County Superior Court alleging the same set of operative facts and claims.

On March 17, 2016, this case was removed to the United States District Court for the Western District of North Carolina. The interests of justice and prohibition on forum shopping compel that this action be transferred to the Eastern District of North Carolina where that Court is intimately familiar with the record, core operative facts, issues and parties. District courts are

empowered to transfer matters to other districts where they might have been brought even where an action is pending in a proper venue. 28 U.S.C.A. § 1404(a) (2015). Courts may do so in the interest of justice, for the convenience of parties and witnesses, or upon consent of the parties. Id. This provision was enacted by Congress as a "federal judicial housekeeping measure" to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 636 (1964).

For those and the other reasons stated in Defendant's brief, the Motion to Transfer Venue will be granted.

**NOW IT IS THEREFORE ORDERED that**:

1. "Defendant's Motion to Transfer Venue" (document # 4) is **GRANTED**.

2. The Clerk is directed to transfer this matter to the United States District Court for the Eastern District of North Carolina.

3. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: June 16, 2016

_____
David S. Cayer
United States Magistrate Judge