IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-653-D

DON BRADLEY WALLACE,                    )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )          **ORDER**
                                        )
ENHANCED RECOVERY COMPANY,              )
LLC,                                    )
                                        )
                    Defendant.          )

Don Bradley Wallace ("Wallace" or "plaintiff") is a familiar pro se litigant and returns to court to seek relief (again) from Enhanced Recovery Company, LLC ("ERC" or "defendant") under the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the North Carolina Collection Agency Act, N.C. Gen. Stat. §§ 58-70.1 et seq. See Compl. [D.E. 1-1]. ERC timely removed the action [D.E. 1], and on March 24, 2016, ERC moved to dismiss the action based on the doctrines of res judicata and collateral estoppel [D.E. 2]. See Fed. R. Civ. P. 12(b)(6). In support, ERC cites this court's judgment in Wallace v. Enhanced Recovery Co., No. 7:13-CV-124-FL, 2015 WL 5455937, at *2–6 (E.D.N.C. Sept. 16, 2015) (unpublished) ("Wallace I"), aff'd, No. 15-2194, 2016 WL 3402539 (4th Cir. June 21, 2016) (per curiam) (unpublished), and the doctrines of res judicata and collateral estoppel. On April 14, 2016, Wallace responded in opposition [D.E. 12]. On April 25, 2016, ERC replied [D.E. 13]. On May 10, 2016, and July 27, 2016, Wallace objected to ERC's reply [D.E. 14, 22]. The objections contain delusional allegations. See id.

A Rule 12(b)(6) motion tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327

(2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. When evaluating a Rule 12(b)(6) motion, a court may consider the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005).

The legal sufficiency of a complaint depends, in part, on whether it meets the standards for a pleading stated in Federal Rule of Civil Procedure 8. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) aims to ensure that the defendant has adequate notice of the nature of the claims against it. See, e.g., Francis, 588 F.3d at 192.

A party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis, 588 F.3d at 193 (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed with litigation. Twombly, 550 U.S. at 555; see Francis, 588 F.3d at 193.

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not

transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678–69; <u>Baldwin Cty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984) (per curiam).

The court has reviewed Wallace's complaint, his complaint in <u>Wallace I</u>, the judgment in <u>Wallace I</u>, and binding precedent concerning the doctrines of res judicata[1] and collateral estoppel.[2] The doctrines of res judicata and collateral estoppel bar Wallace's claims.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 2] and OVERRULES plaintiff's objections. The clerk shall close the case.

SO ORDERED. This **26** day of October 2016.

_____
JAMES C. DEVER III
Chief United States District Judge

---

[1] <u>See</u>, <u>e.g.</u>, <u>Montana v. United States</u>, 440 U.S. 147, 153–55 (1979); <u>Pueschel v. United States</u>, 369 F.3d 345, 354–55 (4th Cir. 2004); <u>Orca Yachts, L.L.C. v. Mollicam, Inc.</u>, 287 F.3d 316, 318–20 (4th Cir. 2002); <u>Pittston Co. v. United States</u>, 199 F.3d 694, 704–05 (4th Cir. 1999); <u>Meekins v. United Transp. Union</u>, 946 F.2d 1054, 1057–58 (4th Cir. 1991); <u>Keith v. Aldridge</u>, 900 F.2d 736, 739–40 (4th Cir. 1990); <u>Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc.</u>, 892 F.2d 355, 359–60 (4th Cir. 1989); <u>Shoup v. Bell & Howell Co.</u>, 872 F.2d 1178, 1181–82 (4th Cir. 1989).

[2] <u>Allen v. McCurry</u>, 449 U.S. 90, 94–95 (1980); <u>Montana</u>, 440 U.S. at 153; <u>In re Varat Enters., Inc.</u>, 81 F.3d 1310, 1315 (4th Cir. 1996); <u>Gray v. Farley</u>, 13 F.3d 142, 146–47 (4th Cir. 1993).